IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WALTER H. CARY, III,

    Plaintiff,

vs.                                                              1:09CV18-MP/AK

WALTER A. MCNEIL, et al,

    Defendants .

_____/

### O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 5). Leave to so proceed has been granted in a separate order. (Doc. 6). Plaintiff has also moved to supplement his complaint with additional exhibits, (doc. 10), which is hereby **GRANTED**, but these exhibit should be submitted with the amended complaint which Plaintiff is directed to file as set forth below.

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he has been denied a vegan or kosher diet resulting in malnutrition. He also claims he has been assaulted and denied work release and certain religious objects. He also complains about a disciplinary report he received.

As an initial matter, Plaintiff has sued a number of persons because of their supervisory responsibilities .  Liability for damages cannot be imposed upon Defendant McNeil merely because of his supervisory authority as Secretary of the Florida Department of Corrections.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained.  <u>Swint v. City of Wadley</u>, 51 F.3d 988, 999 (11th Cir. 1995); <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986).  Plaintiff has not shown that Defendant McNeil knew about his requests for a vegan diet or any other of his complaints or that McNeil took any personal action to violate Plaintiff's rights.  Likewise with Defendants Davis, Singer and Rhoden.  Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation.  <u>Greason v. Kemp</u>, 891 F.2d 829, 836 (11th Cir. 1990); <u>McKinney v. DeKalb County</u>, 997 F.2d 1440, 1443 (11th Cir. 1993).  Thus, Plaintiff should delete his claims against these persons if he chooses to file an amended complaint.

Plaintiff's claims based on grievance responses are also not civil rights violations. Merely signing a grievance does not create liability where the signer had no personal

involvement in the alleged violations.  <u>Manney v. Moore</u>, 151 F.Supp. 2d 976 (N.D. Ill. 2001).

Plaintiff has claimed that Defendant Perry assaulted him.  Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm."  <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986), quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973).  A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 7-8 (1992).  A de minimis use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force.  <u>Hudson</u>, at 7.  Plaintiff should provide more facts if he is to state a claim against Perry for this assault, since he does not claim any particular injury resulting from this attack.

Plaintiff is suing Defendant Pitts for denying him his special diet requests.  He claims to have suffered malnutrition from lack of food, but he provides no facts regarding this "injury."  Plaintiff cannot be compensated for damages unless he actually has some injury.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory

and injunctive relief may be available.[1] Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230.

Prisoners must be served "reasonably adequate" food under the Eighth Amendment. Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985). If nutritionally adequate food is prepared and served in a manner that does not "present an immediate danger to the health and well being of the inmates who consume it," then there is no constitutional violation. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985); Adams v. Mathis, 458 F.Supp. 302 (MD Ala 1978), affd, 614 F.2d 42 (5 Cir. 1980).

Insofar as Plaintiff complains that Defendant Pitts denied him food that interfered with his religious practice, he should provide more facts about this claim such as what regulation or policy is about food for certain religions, how long this regulation or policy was used to deny him the food he wanted, and how this denial impacted his religious practice. While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, regulations or policies "alleged to infringe constitutional

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

rights [in prison] are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone v. Estate of Shabazz, 482 U.S. 340, 349, 107 S. Ct. 2400, 2404, 96 L. Ed. 2d 282 (1987). O'Lone directs courts to give respect and deference to the judgment of prison administrators even in First Amendment challenges raised within the confines of prison. *Id.* The standard of review requires that challenged prison regulations be upheld if they are "reasonably related to legitimate penological interests." O'Lone, 482 U.S. at 350, *utilizing the standard of* Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

Thus, to find a free exercise violation in the prison context, a plaintiff must demonstrate that prison officials have employed a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which burdens a practice of his religion or prevents him from engaging in conduct or having a religious experience which the faith mandates. This interference must be more than an inconvenience; the burden must be substantial and significantly interfere with Plaintiff's practice of his religious beliefs. *Cf.* Thornburgh v. Abbott, 490 U.S. 401, 418, 109 S. Ct. 1874, 1884, 104 L. Ed. 2d 459 (1989) (noting that O'Lone found prison regulations valid in part because the prisoners were permitted to participate in other Muslim religious ceremonies). Also relevant to the court's consideration is whether an "alternative means of exercising the right . . . remain open to prison inmates." O'Lone, 482 U.S. at 351. It must be recognized, however, that an "absence of ready alternatives" may be "evidence of the reasonableness of a prison regulation." Turner, 482 U.S. at 90, 107 S. Ct. at 2262. But it does not mean that prison officials "have to set up and

then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint." Turner, 482 U.S. at 90-91, 107 S. Ct. at 2262. This is a "reasonableness" test, not a "least restrictive" alternatives test. *Id.*, at 91, 107 S. Ct. at 2262.

Prior to considering the reasonableness of a regulation, as set forth in Turner, the court must first determine whether an infringement has occurred, *i.e.* whether one has been substantially burdened in practicing his religion. Cheffer v. Reno, 55 F.3d 1517, 1522 (11th Cir. 1995). "Substantial burden" has been defined as one that either compels the person to engage in conduct that his religion forbids or forbids him from engaging in conduct that his religion requires. *Id.* at 1522. This burden must be more than inconsequential. Levitan v. Ashcroft, 281 F.3d 1313 (D.C. Cir.2002). The religious practice allegedly burdened must be "some central tenet of a [person's] individual beliefs, Werner v. McCotter, 49 F.3d 1476, 1480 (10th Cir. 1995), or an "essential" or "fundamental" practice. Abdur-Rahman v. Michigan Dept. Of Corrections, 65 F.3d 489, 491-92 (6th Cir. 1995). In the context of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc(a)(1), "substantial burden" has been found when a regulation has "a tendency to coerce individuals into acting contrary to their religious beliefs," Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988), or when government puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." Hobbie v. Unemployment Appeals Comm'n of Fla., 480 U.S. 136, 141 (1987).

Only if Plaintiff demonstrates a substantial burden on his practice, is it necessary to apply the reasonableness test of Turner to determine if the DOC's actions were

6

reasonably related to a legitimate penological interest. Wilson v. Moore, 270 F. Supp. 2d 1328,1349 (N.D. Fla. 2003). See also Midrash Sephardi Inc. v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir. 2004) (Plaintiff bears burden of showing substantial burden on religious practice before invoking protections of RLUIPA). If Plaintiff fails to provide evidence that a particular practice is essential to his faith that its absence would be a substantial burden to the exercise of his religion, then he has failed to show that its denial violated the First Amendment.

Plaintiff's claims against Pitts and Rodriguez about his work release requests should be deleted in an amended complaint. Plaintiff does not have a constitutional right to work release. Conlogue v. Shinbaum, 949 F.2d 378, 379 (11th Cir. 1991) (there is no protected liberty interest in state created work release programs). It has also been held that denying prisoners work release based on their criminal histories is rationally related to a legitimate penological interest. Conlogue, at 379.

Finally, Plaintiff's claims against Defendant Hill regarding his disciplinary report and the claim that Hill coerced him into pleading guilty are not viable claims. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Court held that where success in a section 1983 damages action would necessarily challenge the validity of a conviction or sentence that could result in an earlier release from confinement, such lawsuit would be barred unless there was first proof that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus.

In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997) this bar was extended to prison administrative procedures when the action taken affected good time credits, which in turn affected the duration of the prisoner's confinement.

Until the holding in Muhammad v. Close, 540 U.S. 749 (2004), there was a split among the Circuits as to the applicability of Heck, *i.e.* whether the favorable termination requirement of Heck bars all damage suits challenging prison disciplinary proceedings, and the Supreme Court held that it does not bar section 1983 suits that go neither to the fact of the conviction/disciplinary decision or the duration of the overall confinement. The Eleventh Circuit had interpreted Balisok to allow claims challenging a disciplinary proceeding that were "purely procedural, as in Wolff...."  Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).  See also Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (damages sought relative to a disciplinary sanction that does not affect length of confinement may be brought by 1983 suit); Leamer v. Fauver, 288 F.3d 532 (3rd Cir. 2002) (same); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000); Brown v. Plaut, 131 F.3d 163 (D.C. Cir. 1997).

.	Plaintiff complains about the loss of gain time resulting from the DR and that he would not have plead guilty to the DR unless Hill coerced him.  However, he does not raise any procedural issues, such as a denial of evidence or a hearing.

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v.

Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Absent some information to the contrary, Plaintiff's claims go to the fact of the disciplinary proceeding and this court does not act as an appeals court for the substance of the disciplinary decisions made by prison officials. Consequently, this claim should be deleted from an amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.,* Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely

9

replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **April 6, 2009.**

3. Plaintiff's Motion to Supplement (doc. 10) is **GRANTED**.

4. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this *6th* day of March, 2009.


    *s/ A. KORNBLUM*
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**